J-S30017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA　:　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　v.　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
LUIS MANUEL ALMODOVAR-RIVERA　:
　　　　　　　　　　　　　　　　:
　　　　　Appellant　　　　　　:　　No. 211 MDA 2021

Appeal from the Judgment of Sentence Entered December 30, 2020
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):　CP-38-CR-0001040-2019

BEFORE:　BENDER, P.J.E., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY McCAFFERY, J.:　　　**FILED: DECEMBER 23, 2021**

Luis Manuel Almodovar-Rivera (Appellant) appeals from the judgment
of sentence entered in the Lebanon County Court of Common Pleas following
his jury conviction of one count of attempted possession with intent to
distribute (PWID), cocaine.[1]　Appellant challenges the denial of his pretrial
suppression motion, arguing his arrest was not supported by probable cause.
For the reasons below, we affirm.

The facts relevant to Appellant's suppression claim are as follows.[2]　Prior
to May 30, 2019, the US Postal Service notified Pennsylvania State Police they

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 901(a); 35 P.S. § 780-113(a)(30).

[2] At Appellant's pretrial hearing, the Commonwealth presented no testimony,
but instead rested on the preliminary hearing transcript.　***See*** N.T., Pretrial
*(Footnote Continued Next Page)*

received a package containing cocaine addressed to Appellant's residence in Lebanon County, Pennsylvania. N.T., Preliminary H'rg, at 8 (unpaginated); Trial Ct. Op. 1/9/20, at 2. After notifying police, the post office delivered the package to Appellant's address on May 30, 2019. N.T., Preliminary H'rg, at 1, 9; Trial Ct. Op. 1/9/20, at 2. Pennsylvania State Trooper Clint Long conducted surveillance on the package after delivery. N.T., Preliminary H'rg, at 2. Trooper Long observed Appellant in the area "approximately 45 minutes" after the package was delivered. *Id.* He stated "it looked like [Appellant] was conducting counter-surveillance [ ] prior to going to his residence[,] checking for anyone that could be out of place as far as police officers or law enforcement." *Id.* After 15 minutes of "counter-surveillance," Appellant "drove to his residence, left the driver's door open, walked up to the front stoop, picked up the parcel[,] walked back to his vehicle, [and] closed the door." *Id.* Appellant had the package for "a minute at most" before Trooper Long arrested him. *Id.* at 12. Trooper Long arrested Appellant "as soon as he got to his vehicle [because he] didn't want a pursuit or anything like that."

_____

H'rg, 11/6/19, at 2-3. From our review of the record, it seems neither party requested a certified copy of the preliminary hearing transcript. An unofficial copy, typed by the Commonwealth, was included in the reproduced record. *See* Reproduced Record at 16a-29a; N.T., Pretrial H'rg, at 2. Appellant stipulated to the accuracy of the Commonwealth's typed transcript. N.T., Pretrial H'rg, at 5. Upon this Court's inquiry, on November 8, 2021, the trial court issued an order making this copy part of the certified record. *See* Order 11/8/21, Exhibit A. Although the preliminary hearing transcript is not dated, the docket reveals Appellant's charges were held for court on June 27, 2019. We will refer to the transcript as "N.T., Preliminary H'rg."

*Id.* The package contained an amount of cocaine that was consistent with intent to deliver. *Id.* at 8. The name on the package was "Manuel Rivera," Appellant's middle and last names. *Id.* at 3.

Appellant was charged with one count each of PWID and criminal attempt. On September 3, 2019, Appellant filed a pretrial motion, seeking, *inter alia*, suppression of the evidence obtained as a result of the warrantless arrest. Appellant's Omnibus Pretrial Motion, 9/3/19, at 3 (unpaginated). On November 6, 2019, the trial court held a hearing on the motion.

On January 9, 2020, the trial court denied Appellant's pretrial motion, and the case proceeded to a jury trial on November 19, 2020. At the conclusion of the Commonwealth's case-in-chief, Appellant moved for acquittal on both charges. The trial court granted Appellant acquittal on the charge of PWID and the jury convicted Appellant on one count of attempted PWID. On December 30, 2020, the trial court sentenced Appellant to a term of 5 to 10 years' incarceration.

Appellant filed a notice of appeal and timely complied with the trial court's order to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). [3]

---

[3] Appellant's 1925(b) statement alleged six additional issues which Appellant has abandoned on appeal. The trial court issued an opinion on April 8, 2021, addressing Appellant's abandoned claims. *See* Trial Ct. Op. 4/8/21. The trial court did not address Appellant's suppression claim in its April 8, 2021, opinion. However, it addresses this issue in detail in its January 9, 2020, opinion, accompanying the order denying his motion to suppress physical evidence.

Appellant raises one issue on appeal:

Whether the [t]rial [c]ourt erred by denying [Appellant's pretrial] motion to suppress the use of evidence obtained after an unconstitutional search and seizure and arrest without a warrant[?]

Appellant's Brief at 4.

In his sole claim on appeal, Appellant argues the Commonwealth presented no evidence the package containing cocaine was mailed to him or that he knew its contents. Appellant's Brief at 10. Appellant avers his name was not on the package, but it was merely "a name close to" his. *Id.* He maintains that because Trooper Long did not "wait to observe [his] reaction" upon opening the package, there was no evidence he knew the package contained cocaine. *Id.* at 10-11. Appellant contends Trooper Long thus "acted without probable cause" in his arrest. *Id.* at 11. Appellant states the trial court erred when it "relied heavily" on post-arrest evidence and evidence not admitted at the preliminary or pretrial hearings. *Id.* Further, Appellant contends that under *Commonwealth v. Alexander*, 243 A.3d 177 (Pa. 2020), a warrantless vehicle search requires both probable cause and exigent circumstances. *Id.* at 10.

Our standard of review is well-settled:

> Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. When reviewing the ruling of a suppression court, we must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Where

- 4 -

> the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error.
>
> It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given their testimony.

***Commonwealth v. Clemens***, 66 A.3d 373, 378 (Pa. Super. 2013) (citations and punctuation omitted).

> This Court has stated:
>
> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the [stop], and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

***Commonwealth v. Bozeman***, 205 A.3d 1264, 1277 (Pa. Super. 2019) (emphasis and citation omitted).

In the instant case, Appellant challenges whether police had probable cause to effectuate his arrest based on the information known to them at the time. The trial court found the following factors supported a finding of probable cause: (1) the package was addressed to and delivered to Appellant's home; (2) the package was addressed to Appellant's middle and last names, "Manuel Rivera;" (3) Appellant "spent approximately [15] minutes surveilling the package, seemingly to ensure the absence of law enforcement[;]" and (4) when Appellant went to obtain the package, he "parked his vehicle near the residence[ ], left the driver's side door open,

retrieved the package and, attempted to drive away[.]"[4]  Trial Ct. Op. at 5-6. We agree with the trial court that the Commonwealth established probable cause for Appellant's arrest.

The United States Post Office notified the police that they intercepted a package with a large amount of cocaine.  N.T., Preliminary H'rg, at 8; Trial Ct. Op. 1/9/20, at 2.  After receiving this tip, Trooper Long set up a controlled delivery where he observed Appellant engaging in "counter-surveillance" of the package.  N.T., Preliminary H'rg, at 2; Trial Ct. Op. 1/9/20, at 2.  Trooper Long has been a Pennsylvania State Trooper since 2010 where he has participated in drug law enforcement strike force units, received "specialized training in drug deliveries, identification[,] and use[,]" and "has filed charges on individuals who possessed controlled substances with the intent to deliver more than [25] times."  N.T., Preliminary H'rg, at 3, 5-7; Trial Ct. Op. at 6. Trooper Long **knew** the package contained cocaine before approaching Appellant.  Thus, under the totality of the circumstances, based upon the "reasonably trustworthy information" about the package contents, and Appellant's behavior  "indicative of someone who knew that contraband was

---

[4] The trial court also relied on screenshots tracking the package, which were obtained from Appellant's phone **after** his arrest.  This information cannot retroactively be applied to a probable cause determination.  ***See Bozeman***, 205 A.3d at 1277 ("Probable cause is made out when the facts and circumstances which are within the knowledge of the officer **at the time** of the [stop]" are sufficient to establish a crime was committed) (emphasis added).  Nevertheless, Trooper Lang's knowledge and observations before the arrest, without the information from Appellant's phone, rose to the level of probable cause.

located" in the package, we agree with the trial court's conclusion that Trooper Long had probable cause to arrest Appellant. Trial Ct. Op. at 5, 8; ***see Bozeman***, 205 A.2d at 1277. The combination of this reliable information and observation of Appellant gave Trooper Lang a reasonable "belief that [Appellant had] committed or [was] committing a crime." ***See Bozeman***, 205 A.2d at 1277.

With regard to Appellant's contention that the Supreme Court's recent decision in ***Alexander*** is applicable, we remind Appellant that ***Alexander*** applies to the **search of vehicles**. In this appeal, Appellant does not challenge the search of his vehicle, but only the search of his person. Appellant fails to argue how ***Alexander*** applies to the present facts. Thus, we do not reach this claim. ***See Commonwealth v. Murchinson***, 899 A.2d 1159, 1162 (Pa. Super. 2006) (finding waiver where Appellant did not develop meaningful argument).

Furthermore, to the extent that Appellant argues the Commonwealth did not present evidence that he knew the contents of the package, this claim goes to the weight and sufficiency of the evidence supporting his conviction, not whether the officers had probable cause to arrest him. Appellant does not challenge the weight or sufficiency of the evidence on appeal, nor does he cite to any legal authority supporting any such claim. Thus, this claim is also waived. ***See*** Pa.R.A.P. 2119(a) (appellant's argument must cite to authorities as are deemed pertinent); ***see Murchinson***, 899 A.2d at 1162.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/23/2021